# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PELICAN TRADING INC., *et al*.,

    Plaintiffs,

v.

PROSKAUER ROSE LLP,

    Defendant.

Case No. 2:09-CV-01744-KJD-LRL

**ORDER**

    Presently before the Court is Defendant's Motion to Dismiss the Complaint (#8). Plaintiffs filed a response in opposition (#12) to which Defendant replied (#13).

I.  Background and Procedural History

    Plaintiff George Fleming is a Texas resident. He and co-Plaintiffs Pelican Trading, Inc. ("Pelican") and GMF Trading, LLC ("GMF") bring this action against New York-based law firm, Defendant Proskauer Rose, LLP. Defendant provided an opinion letter, prepared entirely in New York, on the anticipated tax consequences of a transaction allegedly created by Ernst & Young, LLP ("E&Y"). The Internal Revenue Service subsequently audited Fleming and disallowed the substantial deductions Fleming claimed from the transaction.

    Fleming formed two entities to engage in the transaction, Pelican and GMF. GMF is a Texas limited liability company. Pelican is a Nevada corporation. According to the allegations of the

complaint, Fleming made the decision to participate in the transaction in June 2001 and paid several million dollars to participate.  On or about, October 9, 2002, Defendant wrote a seventy (70) page opinion letter to Pelican and mailed it to a Nevada address.  After the IRS audited Fleming and disallowed the deductions, Plaintiffs originally filed suit in Harris County, Texas against E&Y and Defendant.  Defendant moved to dismiss that action for lack of personal jurisdiction in Texas.  Though the trial court denied the motion, the Texas Court of Appeals reversed and dismissed the complaint on February 3, 2009 for lack of personal jurisdiction.

Eight months later Plaintiffs filed the present complaint against Defendant.  The complaint alleges that Proskauer "regularly solicited and engaged in business and other persistent courses of conduct and derived substantial revenues from services provided in the State of Nevada" and that Proskauer "maintained sufficient minimum contacts with the State of Nevada to subject it to personal jurisdiction here."  Defendant has now moved to dismiss the complaint for lack of personal jurisdiction.

Proskauer has no offices in Nevada, owns no property in Nevada, has not designated an agent for service of process, is not registered to do business in Nevada, does not advertise its services in Nevada, and has no attorneys admitted to practice law in Nevada.  Proskauer does operate a passive web-site which holds itself out as an "international law firm" doing business worldwide and as having represented clients in Nevada.  Revenue from eighteen Nevada clients in its most recent fiscal year accounted for 0.15% of Proskauer's total revenue.

II.  Standard for Motion to Dismiss for Lack of Personal Jurisdiction

Since no applicable federal statute governing jurisdiction in this case exists, the court applies the law of the state in which the district court exists.  See Gator.com Corp. v. L.L. Bean, Inc., 341 F.3d 1072, 1076 (9th Cir. 2003).  Nevada permits the exercise of personal jurisdiction to the full extent permitted by due process.  See Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 415 (9th Cir. 1977).

1    Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs
2 bear the burden of demonstrating that jurisdiction is appropriate.  See Dole Food Co., Inc. v. Watts
3 303 F.3d 1104, 1108 (9th Cir. 2002).  Where, as here, the motion is based on written materials rather
4 than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional
5 facts."  Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).  In such cases, "[the court] only
6 inquire[s] into whether [the plaintiff]'s pleadings and affidavits make a prima facie showing of
7 personal jurisdiction."  Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995).

8    The assertion of personal jurisdiction satisfies due process when there are "minimum
9 contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional
10 notions of fair play and substantial justice.' " Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)
11 (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  These requirements "give a degree of
12 predictability to the legal system that allows potential defendants to structure their primary conduct
13 with some minimum assurance as to where that conduct will and will not render them liable to suit."
14 World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

15    Personal jurisdiction may be either general or specific.  See Panavision Int'l, L.P. v. Toeppen,
16 141 F.3d 1316, 1320 (9th Cir. 1990).  General jurisdiction exists when there are "substantial" or
17 "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to
18 those contacts.  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (citing
19 Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984)).  Specific jurisdiction
20 may be asserted "if the case arises out of certain forum-related acts."  Id.  "Whether dealing with
21 specific or general jurisdiction, the touchstone remains 'purposeful availment' ... [to] ensure[ ] that 'a
22 defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or
23 "attenuated" contacts.' " Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d
24 1114, 1123 (9th Cir. 2002) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).  In
25 this action Plaintiff asserts both general and specific jurisdiction over Defendants.
26

III.  Analysis

      A.  General Jurisdiction

Plaintiffs argue that Proskauer's public posture as an international law firm, representing clients in Nevada courts, and writing articles interpreting Nevada law[1] set forth a prima facie case that Proskauer is subject to the general jurisdiction of Nevada.  However, these factors do not give rise to personal jurisdiction over Defendant in this case.  First, Proskauer's public posture on its website as an international law firm is not enough, by itself, to demonstrate that Proskauer has substantial and continuous contacts with the forum state.  See Gator.com, 341 F.3d at 1076.  Unlike L.L. Bean, Proskauer is not operating "a sophisticated virtual store in [Nevada]." Id. at 1078.  Even adding the factor that the privacy law blog had an article interpreting the effect of recent Nevada statute does not show that Defendant had a substantial pattern of business relations conferring general jurisdiction.  See Theo. H. Davies & Co. v. Republic of the Marshall Islands, 174 F.3d 969, 975 (9th Cir. 1998).

Finally, other courts have determined that a law firm or lawyers representing clients in the forum state is not enough to confer general jurisdiction where the firms were not licensed to practice law in the forum state, maintained no offices in the forum state, were not registered or licensed to do business in the forum, and generated a *de minimus* revenue from the forum.  See Trierweiler v. Croxton and Trench Holding Corp., 90 F.3d 1523, 1533 (10th Cir. 1996)(forum lacked general jurisdiction over non-resident law firm that represented 24 forum residents during relevant period); Wien Air Alaska v. Brandt, 195 F.3d 208, 213 (5th Cir. 1999)(when a lawyer represents a client in another forum that in itself does not confer jurisdiction if the claim does not arise from the lawyer's contacts with the forum); Porter v. Berall, 293 F.3d 1073, 1076-77 (8th Cir. 2002).  Other cases have held that a defendants generation of *de minimus* revenue in the forum is not enough to establish personal jurisdiction.  See Budget Rent-A-Car v. Eighth Judicial Dist. Ct., 835 P.2d 17, 19-20 (Nev.

---

[1] A portion of Proskauer's web site is devoted to a privacy law blog which included an article detailing a Nevada statute on encryption of customer data.

4

1992)(plaintiff did not show that anything but a minor incidental portion of petitioner's business occurred in forum state); Hillman Group, Inc. v. Hy-Ko Prods. Co., 2008 WL 3583253 (D. Ariz. Aug. 13, 2008)(no general jurisdiction over non-resident defendant where sales to forum residents amounted to 0.5%). Accordingly, Plaintiffs have failed to demonstrate the continuous, systematic contacts approximating a physical presence required to find general jurisdiction. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).

B. Specific Jurisdiciton

A district court uses a three-part test to determine whether it may exercise specific jurisdiction over a nonresident defendant: (1) The nonresident defendant must do some act or consummate some transaction with the forum, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking its benefits and protections; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 416 (9th Cir. 1997). Here, because the Court finds that Plaintiffs have failed to establish that Defendant acted or consummated some transaction within the forum or performed acts by which it purposefully availed itself of the privilege of conducting activities in the forum thereby invoking Nevada's benefits and protections, it is unnecessary for the Court to discuss the second and third prongs of the test.

A defendant has purposely availed himself of the benefits of a forum if it has deliberately "engaged in significant activities within a State or has created 'continuing obligations' between himself and the residents of the forum." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (quoting Burger King, 471 U.S. at 475-76). Purposeful availment thus requires that the defendant affirmatively act to allow or promote business transactions within the forum state. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986).

Plaintiffs assert that because Defendant prepared the opinion letter for Pelican, a Nevada resident, and sent the letter to Pelican's Nevada address, it purposefully directed its work at Nevada.

5

1  However, the Ninth Circuit has held that when dealing with cases involving personal services, the
2  focus must be on the place where the services are rendered.  See Wright v. Yackley, 459 F.2d 287,
3  289 (9th Cir. 1972).  In this action, the legal services were rendered in New York for a corporate
4  client, whose ostensible place of business was in Nevada.  "[W]hen a lawyer chooses to represent a
5  client in another forum, that in itself does not confer personal jurisdiction if the claim does not arise
6  from the lawyer's contacts with the forum."  Wien Air, 195 F.3d at 213.

7  Much like the transaction in Boschetto v. Hansing, this transaction did not "create any
8  ongoing obligations" between Proskauer and Nevada, it was a "one-shot affair."  539 F.3d 1011,
9  1017 (9th Cir. 2008)(quotations and citations omitted).  The mere fact that Defendant mailed the
10 opinion to Nevada is similarly insufficient to amount to purposeful activity in the forum invoking the
11 benefits and protections of the state on the receiving end of the communications.  See Campbell v.
12 Gasper, 102 F.R.D. 159, 162 (D. Nev. 1984)(citing Thos. P. Gonzalez Corp. v. Conseio Nacional,
13 614 F.2d 1247, 1254 (9th Cir. 1980)); Yackley, 459 F.2d at 289-90, n.4.  Accordingly, Plaintiffs have
14 failed to establish that Defendant purposefully availed itself of the privilege of conducting activities
15 in the forum.

16 IV.  Conclusion

17 Accordingly, IT IS HEREBY ORDERED that  Defendant's Motion to Dismiss the Complaint
18 (#8) is **GRANTED**.

19 DATED this 28th day of September 2010.

_____
Kent J. Dawson
United States District Judge

6